UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| Edgar Jerome Melvin, | ) | |
|---|---|---|
| | ) | C/A No. 5:19-cv-1638-DCC |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | ORDER |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.[1] ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On June 11, 2019, the Magistrate Judge issued a Report recommending that the petition be transferred to the Southern District of Georgia because Petitioner is currently incarcerated at a Federal Correctional Institution in Jessup, Georgia. ECF No. 8. Petitioner filed objections to the Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

---

[1] This action was originally docketed as a motion to reduce sentence pursuant to the First Step Act. ECF No. 673 in *United States v. Melvin*, 3:10-cr-580-CMC (D.S.C.). the Honorable Cameron McGowan Currie, Senior District Judge for the District of South Carolina, determined that Petitioner's filing should be docketed as a petition under 28 U.S.C. § 2241.

determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Petitioner objects to the transfer of his petition to the Southern District of Georgia because he is petitioning for relief pursuant to 28 U.S.C. § 2241 and the First Step Act. However, as stated by the Magistrate Judge, the proper party respondent is generally the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v.* Padilla, 542 U.S. 426, 434–35 (2004) (citation omitted). Because he is being held in Jessup, Georgia, this lacks personal jurisdiction over Petitioner's custodian. Accordingly, the Court adopts the recommendation of the Magistrate Judge. It is ordered that the petition be transferred to the Southern District of Georgia for further consideration.

**IT IS SO ORDERED**.

s/ Donald C. Coggins, Jr.
United States District Judge

July 2, 2019
Spartanburg, South Carolina