FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 8:20 am, Jul 02, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

EDGAR JEROME MELVIN,

       Petitioner,

       v.

WARDEN D. EDGE,

       Respondent.

CIVIL ACTION NO.: 2:19-cv-80

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Edgar Melvin ("Melvin") filed a construed 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus with the District Court for the District of South Carolina. Doc. 1. That court transferred Melvin's Petition to this Court. Docs. 2, 5, 8, 13, 16. Melvin filed a Motion for Default. Doc. 21. Respondent filed a Motion to Dismiss, and Melvin filed a Response. Docs. 26, 28. For the following reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion, **DISMISS** Melvin's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Melvin leave to appeal *in forma pauperis*. I **DENY** Melvin's Motion for Default.

## BACKGROUND

Melvin was convicted, after a jury trial, in the Southern District of South Carolina of 37 violations of federal law, including racketeering, conspiracy to distribute cocaine, and extortion. United States v. Melvin, 489 F. App'x 695, 696 (4th Cir. 2012). Melvin was originally sentenced to a total of 212 months' imprisonment, which was later reduced to 175 months' imprisonment. J. & Amended J., United States v. Melvin, 3:10-cr-00580 (D.S.C. Mar. 22, 2011

& Dec. 17, 2015), ECF Nos. 479, 623.  Melvin filed a direct appeal, and the Fourth Circuit Court of Appeals affirmed his convictions and original sentence.  Melvin, 489 F. App'x at 695.  Melvin did not file a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, but he did file a motion to reduce his sentence under the First Step Act of 2018.  Mot., United States v. Melvin, 3:10-cr-00580 (D.S.C. Apr. 25, 2019), ECF No. 673.  The District Court for the District of South Carolina construed this motion as being brought under § 2241 and transferred Melvin's Petition to this Court.  Ord., United States v. Melvin, 3:10-cr-00580 (D.S.C. June 6, 2019), ECF No. 674.

## DISCUSSION

In his Petition, Melvin challenges the validity of his sentence by stating the trial court mistakenly added two levels to his base offense level, the two level enhancement for use of a weapon is no longer applicable, and the First Step Act entitles him to relief.  Doc. 1 at 1.  Melvin invokes § 2255(e)'s saving clause and asserts he "failed to timely exhaust [§]2255 remedies . . . ."  Id.

Respondent asserts Melvin's Petition should be dismissed because this Court lacks jurisdiction over Melvin's attack on the validity of his sentence.  Doc. 26 at 2.  Respondent also asserts Melvin failed to exhaust his administrative remedies and his sentence was properly calculated.  Id.

**I.  Melvin's Motion for Default**

Melvin seeks the entry of default against Respondent.  Doc. 21 at 1.  Melvin states Respondent did not comply with this Court's August 5, 2019 Order, because Respondent did not file any responsive pleading to Melvin's Petition within 21 days of that Order.  Id. at 2.

This Court's August 5, 2019 Order directed Respondent to file a response or motion to dismiss Melvin's Petition within 21 days "of service of the Petition." Doc. 19 at 1. A copy of Melvin's Petition was served upon Respondent on August 23, 2019. Doc. 20. Accordingly, Respondent had 21 days from August 23, 2019, or until September 13, 2019, to file his desired response to Melvin's Petition. On September 12, 2019, Respondent moved for an extension of time to respond, which the Court granted, giving Respondent until October 4, 2019, to respond to Melvin's Petition. Docs. 23, 24. Respondent filed his Motion to Dismiss on October 4, 2019, doc. 26, rendering his response timely. In addition, the entry of default is not contemplated in habeas corpus proceedings, even if Respondent's Motion to Dismiss were untimely, which it is not. Latif v. Gartland, Civil Action No. 5:17-cv-69, 2017 WL 4227403, at *1 n.2 (S.D. Ga. Aug. 28, 2017), *adopted by* 2017 WL 4209730 (Sept. 19, 2017); see also Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) (finding that a default judgment is not contemplated in habeas corpus cases); Goodman v. Keohane, 663 F.2d 1044, 1048 n.4 (11th Cir. 1981) (rejecting petitioner's argument that the government's tardiness in responding to petition entitled him to habeas relief). The Court, therefore, **DENIES** Melvin's Motion for Default. Doc. 21.

## II.     Whether Melvin Can Proceed Under § 2241

Melvin's Petition should be dismissed because it is an attack on his federal conviction that can only be made in compliance with § 2255, and Melvin has not satisfied the requirements of § 2255. Melvin freely admits this. Doc. 1 at 1. Construing Melvin's filing as a § 2241 petition does not help. His Petition is a barred and should be dismissed.

Section 2241 habeas corpus petitions "are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement." Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (internal

3

punctuation and citation omitted). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize § 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under § 2255 is "inadequate or ineffective." Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014); Turner, 709 F.3d at 1333 (noting the petitioner bears the burden of establishing that the remedy under § 2255 was inadequate or ineffective to test the legality of his detention). A motion to vacate covers only challenges to the validity of a sentence, but the saving clause and a petition for a writ of habeas corpus cover challenges to the execution of a sentence. Cf. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is well-settled that a § 2255 motion to vacate is a separate and distinct remedy from habeas corpus proper . . . . A prisoner in custody pursuant to a federal court judgment may proceed under §2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence.") (internal citations omitted)); United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) ("[The prisoner's] appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the alleged errors occurred at or prior to sentencing.").

Section 2255(e) provides:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S. C. § 2255(e) (emphasis added). The above-emphasized portion of § 2255(e) is referred to as the "saving clause." "Section 2255(e) makes clear that a motion to vacate is the exclusive

4

mechanism for a federal prisoner to seek collateral relief unless he can satisfy" the saving clause. McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017).

To determine whether a prisoner satisfies the saving clause, a court need only analyze "whether the motion to vacate is an adequate procedure to test the prisoner's claim." Id. at 1086. To answer this question, a court should "ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy." Id. at 1086–87. In short, when reviewing a § 2241 petition, courts should look to whether the petitioner's claim is of a kind that is "cognizable" under § 2255. If so, the petitioner cannot meet the "saving clause" and cannot proceed under § 2241. To be sure, "[t]he remedy [afforded] by [a § 2255] motion is not ineffective unless the procedure it provides is incapable of adjudicating the claim." Id. at 1088. Whether the petitioner in entitled to relief under § 2255 is not relevant to the McCarthan test. Rather, it is the "remedy" that must be "inadequate or ineffective" to trigger the saving clause, meaning "the available process—not substantive relief." Id. at 1086.

The saving clause can be used in cases presenting "limited circumstances," but Melvin does not present any of those circumstances through his instant Petition.[1] Melvin is clearly challenging the validity of his sentence. Docs. 1, 28. This is the type of claim that § 2255 encompasses. It is clear Melvin is not attacking the manner in which his sentence is being

---

[1] Examples of cases presenting "limited circumstances" in which the saving clause is applicable are challenges to the deprivation of good-time credits or parole determinations, when the sentencing court has been dissolved, or when a petitioner was sentenced in multiple courts. McCarthan, 851 F.3d at 1092–93. However, "only in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of his detention.'" Id. (citations omitted). It is not enough to trigger the "saving clause" to claim that new case law exists, that new facts have come to light, or that the § 2255 court got it wrong. Id. at 1086, 1090.

5

executed but his sentence itself. He would have been permitted to bring this type of claim in a motion to vacate, and § 2255 provided Melvin with an adequate procedure to test his claim.

Further, Melvin's § 2255 remedy is not nullified within the meaning of the saving clause merely because he may not be able to overcome procedural requirements for relief. See McCarthan, 851 F.3d at 1086 ("[A] procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy."). Thus, the fact that Melvin may face a statute of limitations bar to bringing a § 2255 motion does not itself render a § 2255 motion inadequate or ineffective. Id.; Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011). Rather, "[w]hat makes the § 2255 proceeding 'inadequate or ineffective' for [a petitioner] is that he had no 'genuine opportunity' to raise his claim in the context of a § 2255 motion." Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015).

Section 2255 provided Melvin an "adequate procedure" to test his sentence before the sentencing court. Consequently, Melvin cannot show that § 2255's remedy is "inadequate or ineffective" to challenge his sentence and "cannot now use the saving clause to make [his] claim in a petition for a writ of habeas corpus." McCarthan, 851 F.3d at 1099–1100. Because Melvin cannot satisfy the saving clause, his claim is procedurally barred, and the Court cannot reach the merits of his arguments. See Waller v. English, Case No. 5:16-cv-28, 2017 WL 6330815, at *2 (N.D. Fla. May 24, 2017) (finding McCarthan forecloses argument that statute of limitations made remedy under § 2255 inadequate or ineffective). In addition, because this Court cannot reach the merits of Melvin's arguments, it need not address Respondent's exhaustion and proper calculation arguments.

### III.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Melvin leave to appeal *in forma pauperis*. Though Melvin has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Melvin's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Melvin *in forma pauperis* status on appeal.

### CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Melvin's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Melvin leave to appeal *in forma pauperis*. I **DENY** Melvin's Motion for Default.

The Court directs any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 1st day of July, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA